## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONNOR J. GROHOTOLSKI, by and through his parents and natural guardians Joseph Grohotolski and Aimee Grohotolski,<br>    Plaintiff<br><br>vs.<br><br>PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, INC.,<br>    Defendant | ) <br>)<br>) No.<br>)<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>) |

### PLAINTIFF'S COMPLAINT

1. Plaintiff is Connor J. Grohotolski, an adult individual residing at 543 City View Drive, Nazareth, Northampton County, PA 18064.

2. Plaintiff's parents and natural guardians are Joseph Grohotolski and Aimee Grohotolski, husband and wife, who are adult individuals residing at 543 City View Drive, Nazareth, Northampton County, PA 18064.

3. Plaintiff was born in 2002, and is presently 19 years old.

4. Defendant is the Pennsylvania Interscholastic Athletic Association, Inc., (sometimes herein referred to as the "PIAA") a non-profit corporation organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 550 Gettysburg Road, Mechanicsburg, Cumberland County, PA 17055.

5. The PIAA is governed by a Constitution adopted by its member schools and By-Laws adopted by its elected Board of Directors.

6. The PIAA is divided, for administrative purposes, into twelve geographic districts.

1

7. Defendant, by and through its Constitution, By-Laws, Rules and Regulations, and Policies and Procedures, governs the conduct of interscholastic athletic competition by and between PIAA member public and private schools throughout the Commonwealth of Pennsylvania.

8. The vast majority of public and private secondary schools in Pennsylvania are members of the PIAA.

9. Every year, hundreds of PIAA interscholastic athletic contests are held in Northampton County, Pennsylvania.

10. A PIAA district is an entity, consisting of one or more counties, responsible for the administration of PIAA interscholastic athletics within its jurisdiction.

11. The control, within a PIAA district, of all PIAA interscholastic athletic relations and contests is exercised by a district committee.

12. The district committee is empowered "[t]o make determinations as to the eligibility of contestants."  (PIAA Const., Art. 9, § 3(G).)

13. The PIAA Board of Directors is the administrative and executive body of the PIAA and, as such, exercises "general control over all interscholastic athletics relations and Contests in which a PIAA member school participates." (PIAA Const., Art. 6, § 1, Art. 7, § 1(A).)

14. The Board of Directors has the power "[t]o "investigate, request, receive and/or otherwise obtain information (written and/or oral), hear and decide appeals from decisions of . . . District Committees."  (PIAA Const., Art 7, § 1(H).)

15. Appeals from district committees may, and often are, heard by a Board of Appeal, which is comprised of at least five members of the Board of Directors.  (PIAA Const., Art. 7, § 1(J).)

16. Plaintiff has been diagnosed with autism spectrum disorder, pervasive development disorder, apraxia of speech, expressive language disorder, auditory processing deficits, central nervous system disorder, impulse control disorder, and attention deficit hyperactivity disorder.

17. Plaintiff's diagnoses substantially limit the major life activities of working, learning, thinking, reading, communicating, and concentrating.

18. Plaintiff has been enrolled at Nazareth Area High School ("NAHS") in Northampton County, Pennsylvania, since the 2017 – 2018 school year, during which he was a freshman.

19. NAHS is a member public school of PIAA District XI.

20. Since his freshman year, Plaintiff has participated as a contestant on the NAHS varsity swimming team in PIAA-sponsored competitions.

21. The NAHS begins its competitive swimming season in December of any given school year.

22. Swimming on the varsity swimming team has provided a tremendous source of joy and achievement for Plaintiff that has enabled him to participate in a regular high school activity alongside his fellow classmates despite Plaintiff's significant academic and social limitations.

23. In early 2020, the COVID-19 pandemic struck the United States, including eastern Pennsylvania.

24. As a result of his diagnoses, Plaintiff was at elevated risk for becoming seriously ill were he to become infected with COVID-19.

25. Prior to the start of swimming season in the 2020 – 2021 school year, Plaintiff's pediatric neurologist recommended that Plaintiff not swim on the NAHS swimming team that season.

26. Plaintiff's pediatric neurologist based the recommendation on Plaintiff's elevated COVID-19 risk, as well as Plaintiff's difficulty restraining himself from closely socializing with teammates and others when excited, which could endanger their health as well as Plaintiff's.

27. Based upon the recommendation of Plaintiff's pediatric neurologist, Plaintiff's parents, Joseph Grohotolski and Aimee Grohotolski, decided that Plaintiff would not swim for the NAHS swimming team during the 2020 – 2021 swimming season.

28. Throughout his schooling at NAHS, Plaintiff's education has been governed by an Individualized Education Program ("IEP").

29. Plaintiff is permitted to attend school at NAHS until he is 21 years old.

30. By way of his IEP, Plaintiff is identified as a student with a disability eligible for specially designed instruction under the disability categories of intellectual disability, autism, and speech and/or language impairment.

31. Plaintiff has difficulty with reading comprehension, retention of information, maintaining attention, written language skills, problem solving skills, expressive and receptive language, and daily living skills.

32. Plaintiff's cognitive abilities are generally low average to extremely low as compared to peers his age.

33. Participating on the NAHS varsity swimming team is included in Plaintiff's IEP.

34. Due to COVID-19 precautions in place during the 2020 – 2021 school year, Plaintiff attended school in a hybrid fashion, receiving both in person and virtual instruction.

35. For the 2020 – 2021 school year, Plaintiff's IEP included a social skills component and a community employment skills component in both of which Plaintiff was unable to fully participate given the restrictions imposed on those components as a result of COVID-19. Specifically, Plaintiff was unable to work at all in the community.

36. Plaintiff's progress in math and reading did not meet the objectives set forth in his IEP as a result of the restrictions imposed on in person learning due to COVID-19.

37. Plaintiff did not achieve the objectives set forth in his IEP in order to graduate at the end of the 2020 – 2021 school year as required under state law.

38. During the 2020 – 2021 school year, Plaintiff's IEP team, which includes his parents, teachers, therapists, and school counselor, unanimously recommended that Plaintiff continue his education at NAHS after the twelfth grade.

39. The PIAA By-Laws generally provide that a student-athlete at a PIAA member school is limited to four consecutive years of athletic eligibility beyond the 8th grade.

40. The PIAA's By-Laws, in Article VIII, § 6(B), provide for an exemption to the four-year eligibility limitation as follows:

> The District Committee may waive [the four-year athletic eligibility limitation] in cases where a student demonstrates that the student repeated a school year or semester for a reason beyond the student's control, which produced severe and unusual environmental, social, and/or emotional conditions which, in turn created a debilitating personal non-athletic hardship which would have prevented a reasonable student under similar circumstances from satisfactorily completing a school year or semester.
>
> . . . .

> In considering a request pursuant to this provision, the District Committee shall apply the following:
>
> . . . .
>
> 2. A repeat of a school year or semester to remedy academic credit deficiencies and/or failures is not, by itself, considered grounds for a waiver under this provision. However, severe and unusual debilitating external circumstances beyond the student's control which can be demonstrated to have caused the academic credit deficiencies and/or failures may be considered if the student demonstrates that the student, and the student's family, exercised objectively reasonable efforts during the school year or semester, which was subsequently repeated, to address the academic credit deficiencies and/or failures.

41. Plaintiff is presently repeating the 2020 – 2021 school year.

42. Plaintiff's repeat of the 2020 – 2021 school year was the result of reasons beyond his control which produced severe and unusual environmental, social, and/or emotional conditions which, in turn created a debilitating personal non-athletic hardship which would have prevented a reasonable student under similar circumstances from satisfactorily completing a school year or semester.

43. The PIAA By-Laws provide that: "A waiver may not be granted where the repeat of a school year or semester is the result of a voluntary action by a family, even if the decision is for otherwise sound personal or academic reasons, such as to allow the student to mature or improve academically."  PIAA By-Laws, Art. VIII, § 6(B)(5).

44. Plaintiff's repeat of the 2020 – 2021 school year was not the result of a voluntary action by his parents.

45. Plaintiff's parents, through NAHS, applied for an exemption for Plaintiff to swim during the 2021 – 2022 season pursuant to Article VIII, § 6(B) of the PIAA By-Laws ("Section 6 Exemption").

46. Absent the granting of a Section 6 Exemption, Plaintiff would be ineligible to participate on the NAHS swimming team in PIAA competitions in the 2020 – 2021 season.

47. If Plaintiff participated as a contestant on the NAHS varsity swimming team as an ineligible contestant in a PIAA-sponsored competition, NAHS would forfeit the competition as required by the PIAA By-Laws.

48. Under the PIAA's By-Laws, Art. I, § 1, Plaintiff's present age of 19 does not render him ineligible to participate in PIAA swimming competitions in the 2021 – 2022 as he turned 19 after July 1, 2021.

49. A hearing was held by the PIAA District XI Committee on August 18, 2018, at Whitehall High School, 3800 Mechanicsville Road, Whitehall, Lehigh County, PA 18052, after which the District XI Committee voted to allow Plaintiff to participate on the NAHS swim team during the 2021 – 2022 season as a junior varsity swimming only. The decision of the District XI Committee was memorialized in a letter issued to NAHS and dated August 24, 2021.

50. While the District XI Committee did not expressly deny Plaintiff's application for the Section 6 Exemption to swim on the NAHS varsity swimming team, such a denial was implicit in its decision.

51. In its decision, the District XI Committee acknowledged that Plaintiff repeated the 2020 – 2021 school year.

52. NAHS does not have a junior varsity swimming team.

53. It appears that the District XI Committee's decision to grant Plaintiff junior varsity eligibility is based on PIAA By-Laws, Article VIII, Section 6(E):

> **E. Waiver to Participate at the Junior Varsity Level of Competition.** The District Committee may grant a limited waiver of Sections 1A and/or 1B to permit

7

a Student With A Disability to participate at the Junior Varsity level of competition following an individualized assessment of the student's condition in relation to the purposes of this ARTICLE and the potential impact of participation by the student on opponents and teammates if the District Committee concludes that:

1. the student suffers from a physical, mental, or emotional disability which has been recognized by, and certified to by, a treating physician or psychiatrist;

2. the student has a current Individualized Education Plan (IEP) or a Chapter 15 Service Agreement relating to the certified to disability, at the student's school;

3. the student would likely not, due to the student's physical size, athletic ability, and/or other characteristics, pose an increased risk of harm to opponents; and

4. the student is otherwise eligible under these By-Laws.

54. By granting Plaintiff a limited exemption to participate in junior varsity swimming, Defendant has acknowledged that (a) Plaintiff suffers from a disability; (b) Plaintiff has a current IEP; (c) Plaintiff would likely not, due to his physical size, athletic ability, and/or other characteristics, pose an increased risk of harm to opponents; and (c) Plaintiff is otherwise eligible under the By-Laws.

55. On September 22, 2021, Plaintiff submitted, through NAHS, a request for reconsideration and/or rehearing of the District XI Committee's decision.

56. On September 23, 2021, Plaintiff also submitted, through NAHS, an appeal to the PIAA Board of Appeal.

57. On November 17, 2021, Plaintiff submitted a second request for reconsideration/rehearing to the District XI Committee.

58. A hearing on Plaintiff's appeal that had been submitted on September 23, 2021, was scheduled for November 18, 2021, at the start of which the Board of Appeal voted to remand the matter to the District XI Committee to reconsider/rehear the matter based on Plaintiff's request for reconsideration/rehearing submitted on November 17, 2021.

59. On November 19, 2021, the District XI Committee denied Plaintiff's request for reconsideration/rehearing.

60. On November 29, 2021, Plaintiff, through NAHS, submitted an appeal to the PIAA Board of Appeal from the District XI Committee's denial decision of November 19, 2021.

61. After a hearing on December 15, 2021, Plaintiff's appeal was denied by the PIAA Board of Appeal.

62. Pursuant to the Americans With Disabilities Act ("ADA"), "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.A. § 12132.

63. The term "qualified individual with a disability" means "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C.A. § 12131(2).

64. Defendant is a public entity under the ADA.

65. Plaintiff's aforementioned diagnoses are disabilities under the ADA.

66. Plaintiff meets the essential eligibility requirements to participate as a contestant on the NAHS swimming team in PIAA-sponsored competitions.

67. Plaintiff is a qualified individual with a disability under the ADA.

68. Defendant's finding Plaintiff to be ineligible to participate as a contestant in PIAA competitions during the 2021 – 2022 swimming season violates 42 U.S.C.A. § 12132.

69. Plaintiff's inability to compete on the NAHS swimming team in the 2021 – 2022 season would be emotionally and psychologically damaging to Plaintiff.

70. Permitting Plaintiff an extra year of eligibility is a reasonable modification to the PIAA's four year eligibility requirement, particularly in light of the District XI Committee's grant of the limited junior varsity exemption.

71. Permitting Plaintiff an extra year of eligibility would not fundamentally alter the nature of PIAA varsity swimming competitions.

72. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

73. Plaintiff demands a jury trial.

*Prayer for Relief*

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in his favor and against Defendant, that Defendant be enjoined from applying the four-year eligibility limitation set forth in Article VIII of its By-Laws, that Plaintiff be awarded compensatory damages, that Plaintiff be awarded reasonable attorney's fees and costs, and that this Honorable Court award any further relief it deems just and equitable.

SHAY, SANTEE, KELHART & DESCHLER LLC

By: **/s/ Matthew J. Deschler**
Matthew J. Deschler, Esquire
44 E. Broad Street, Suite 210
Bethlehem, PA 18018
610-691-7000 (t)
610-691-3529 (f)
mjdeschler@sskdlaw.com
ID No. 311785
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I, Matthew J. Deschler, Esquire, hereby certify that, on December 6, 2021, the foregoing Plaintiff's Complaint has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System and was served on the following individual by first-class U.S. mail, postage prepaid, and email to:

> Alan R. Boynton, Jr., Esquire
> MCNEES WALLACE & NURICK LLC
> 100 Pine Street
> Harrisburg, PA  17108-1166
> aboynton@mwn.com
> Counsel for Defendant

SHAY, SANTEE, KELHART & DESCHLER LLC

By: **/s/ Matthew J. Deschler**
Matthew J. Deschler, Esquire
44 E. Broad Street, Suite 210
Bethlehem, PA 18018
610-691-7000 (t)
610-691-3529 (f)
mjdeschler@sskdlaw.com
ID No. 311785
Counsel for Plaintiff